# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KENDRICK ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02940-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| FEDERAL CORRECTIONAL INSTITUTE, ) | |
| DIRECTOR COLETTE S. PETERS, ) | |
| CAPTAIN A. CLONTZ, WARDEN F.J. ) | |
| BOWERS, and EXECUTIVE OFFICER ) | |
| ZACH SMITH, ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Kendrick Robinson sued Defendants in December 2024 alleging a civil rights violation. (ECF No. 1.) Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Charmiane G. Claxton to manage all pretrial matters. Plaintiff then moved to proceed in forma pauperis. (ECF No. 4.) And Judge Claxton granted the Motion. (ECF No. 8.) Because of that, she also screened his Complaint under 28 U.S.C. § 1915(e)(2). (*Id.*) Judge Claxton issued her Report and Recommendation ("R&R") in June 2025 recommending that the Court dismiss the Complaint and deny Plaintiff leave to proceed in forma pauperis on appeal. (*Id.*) For the reasons above, the Court **ADOPTS** the R&R.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file

specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b), advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Judge Claxton entered her R&R on June 26, 2025. (ECF No. 8.) And she notified Plaintiff that he had 14 days to object. (*Id.* at PageID 22.) But Plaintiff did not object, and the time to do so has long passed. The Court therefore reviews the R&R for clear error.

## **DISPOSITION**

Having review the record, the Court finds no clear error in Judge Claxton's R&R. And the Court will briefly explain why. According to the Complaint, Plaintiff went to visit an inmate at the Federal Correctional Institute ("FCI") around Thanksgiving 2024. (ECF No. 1 at PageID 1.) The visitation process required him and about 15 other visitors to wait in a "small cubic area together." (*Id.*) Some of those other visitors were coughing and sneezing. (*Id.* at PageID 2.) So Plaintiff complained to an officer that he was "put in unsafe conditions" and that "they were housing us like we were prisoners." (*Id.*) The officers then told Plaintiff to leave and suspended him from visiting FCI again for 30 days. (*Id.*)

Plaintiff started to feel sick and went to the hospital after this. (*Id.*) The staff diagnosed him with a viral infection and prescribed him Tylenol, Flonase, Mucinex, and Claritin. (*Id.*) Plaintiff missed a week of work because of this and was still not feeling better at the time he sued here. (*Id.*) He sued under 42 U.S.C. § 1983, alleging that Defendants' actions at FCI violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.*) He seeks $150,000.00 in punitive damages. (*Id.*)

Judge Claxton was correct to recommend that the Court dismiss this Complaint.  The Eighth Amendment only protects those who "have been tried, convicted, and sentenced." *Bond v. Moore*, 672 F. Supp. 3d 357, 369 (E.D. Ky 2023) (citation omitted); *see Whitley v. Albers*, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) ("The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" (citation omitted)).  So naturally, as Judge Claxton reasoned, "the Eighth Amendment's cruel-and-unusual-punishment clause do[es] not apply to Plaintiff who was merely a voluntary visitor at FCI."  (ECF No. 8 at PageID 20.)  And for that reason, the Court also agrees with Judge Claxton that an appeal here would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A).

## **CONCLUSION**

The Court reviewed Judge Claxton's R&R and finds no clear error.  And so the Court **ADOPTS** the R&R's recommendation and **DISMISSES** Plaintiff's claim with prejudice.  The Court further **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that any appeal here would not be taken in good faith and **DENIES** Plaintiff leave to appeal in forma pauperis.  But of course, Plaintiff may pay the $455 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within 30 days.

**SO ORDERED**, this 12th day of December, 2025.

        s/ Thomas L. Parker
        THOMAS L. PARKER
        UNITED STATES DISTRICT JUDGE